UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (COVINGTON)

CASE NO. 2:10-cv-00066-DLB

Eastern District of Kentucky
**FILED**

FEB 10 2011

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

| | |
|---|---|
| WILLIAM R. RAHSCHULTE<br>10247 RUMEL DRIVE<br>FLORENCE, KY 41042,<br><br>on behalf of himself and a class<br>of similarly situated persons<br><br>        Plaintiff<br><br>vs<br><br>AMERICAN BANKERS INSURANCE CO.<br>OF FLORIDA<br>11222 QUAIL ROOST DRIVE<br>MIAMI, FL 33167,<br><br>        Defendant | Hon. Judge David L. Bunning |

**FINAL ORDER AND JUDGMENT**

Based upon the submissions of the Parties,

IT IS ORDERED, ADJUDGED AND DECREED:

1. This Final Order and Judgment incorporates herein and makes a part hereof (i) the Stipulation of Settlement, dated August 12, 2010 (a copy of which, without exhibits, is appended hereto as Exhibit (1); and (ii) Exhibit A (Mail Notice, a/k/a Notice of Class Action, Proposed Settlement, Fairness Hearing, and Right to Appear), Exhibit B (Summary Publication Notice), Exhibit C (Findings and Order Certifying Class for Settlement Purposes, Appointing Lead Counsel for the Class, Directing the Issuance of Class Notice, and Scheduling a Fairness Hearing), and Exhibit D (Final Order and Judgment), all of which are exhibits to the Stipulation of Settlement. The Parties are hereby authorized to agree to and adopt such amendments to, and modifications and expansions of, the Stipulation of Settlement and all exhibits thereto (collectively, the "Stipulation of Settlement") as (a) shall be consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of Class Members; otherwise, such amendments, modifications, and expansions shall only be after notice to and approval of the Court. Defined terms in this Final Order and Judgment shall have the same meanings as in the Stipulation of Settlement.

2. A class for settlement purposes is hereby finally certified consisting of all persons, including individuals, corporations, limited liability companies and other statutory or common law entities, who purchased or paid a premium for an insurance policy from or underwritten by American Bankers Insurance Company of Florida, during the period from July 14, 2003 through October 8, 2010, where they resided in, or the insured risk was located in, the Commonwealth of Kentucky, and where they were charged local government taxes on their insurance premium statements when none were owed, or where they were charged such taxes at

rates higher than permitted, as may be determined from the electronic information presently available in such company's business records. Excluded from the Class are (i) individuals who are or were during the Class Period officers, directors, employees or agents of American Bankers Insurance Company of Florida, (ii) any justice, judge or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons, and (iii) all individuals who requested to be excluded from the Class pursuant to Paragraph 17 of this Order (the "Class"). The Class Period shall mean the period commencing on July 14, 2003 and continue through and including October 8, 2010. A list of those persons who have excluded themselves from the Class, and who are therefore not bound by this Final Order and Judgment, is attached as Exhibit B to the Affidavit of Tore Hodne, filed contemporaneous with Plaintiff's Motion and Memorandum in Support of Motion for Final Approval, and is incorporated herein and made a part hereof.

3. The terms and provisions of the Stipulation of Settlement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members. The Parties and Class Members are hereby directed to implement and consummate the Stipulation and Settlement, according to its terms and provisions; and, in the Parties' discretion, the Parties may implement the Settlement, in whole or in part, finally or provisionally, prior to the Final Settlement Date (as the term is defined in the Stipulation of Settlement), as provided in the Stipulation of Settlement.

4. The Court makes the following findings on notice to the Class:

(a) The Court finds that the distribution of the Mail Notice, publication of the Summary Publication Notice and creation of the Internet site as provided for in the

Stipulation of Settlement and Preliminary Approval Order of October 8, 2010, (i) constituted the best practicable notice under the circumstances to Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of the United States Constitution and the Rules of the Court.

(b) The Court finds that the notice materials and the notice methodology set forth in the Stipulation of Settlement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Class Members; and (iii) comply fully with the requirements of the United States Constitution and the Rules of this Court.

5. Plaintiff William R. Rahschulte (hereinafter the "Plaintiff"), as representative of the Class, and Lead Counsel, have adequately represented the Class for purposes of entering into and implementing the Settlement.

6. The terms of the Stipulation of Settlement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7.  The following Release, which is also set forth in Section VIII of the Stipulation of Settlement, is expressly incorporated herein in all respects and is effective as of the date of this Final Order and Judgment; and the Releasees (as that term is defined in the Stipulation of Settlement) are forever discharged from any claims or liabilities arising from or related to the Released Transactions (as that term is defined in the Stipulation of Settlement).

**A.  Release And Waiver - Definitions**

For purposes of this release and waiver (the "Release"):

(i)  The term "Releasees" means American Bankers Insurance Company of Florida, its predecessors, successors and assigns, and all of its respective past and present divisions, subsidiaries, parent companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including but not limited to any direct or indirect subsidiary of Assurant, Inc., and all of the officers, directors, employees, agents, brokers, distributors, representatives and attorneys of all such entities. Releasees shall also specifically include all agents or any of their affiliated entities selling, advertising, marketing, and/or originating a Policy or Policies issued by American Bankers Insurance Company of Florida, and all lenders, insureds and beneficiaries under a Policy or Policies, and all of their respective past and present divisions, subsidiaries, parent companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party).

(ii)  The term "Released Transactions" means any right or entitlement to a refund of any overcharge of Kentucky local government premium taxes and collection fees made in connection with a Policy or Policies, but shall not include claims for Policy benefits.

(iii)  "Policy" or "Policies" means a policy of insurance issued by American

5

Bankers Insurance Company of Florida where the real property insured is located in Kentucky.

(iv) All other capitalized terms used in the Release shall have the meanings ascribed to them in the Settlement Agreement.

### B. Release and Waiver

(i) Plaintiff and all Class Members (who have not been excluded) hereby expressly agree that they shall not now nor hereafter institute, maintain, assert, or participate in any action or claim against the Releasees, either directly or indirectly, derivatively, on their own behalf, on behalf of the Class, or on behalf of any other person or entity, and release and discharge the Releasees from any and all causes of action, claims, damages, equitable, legal, and administrative relief, interest, demands, or rights, including, without limitation, claims for premium tax overcharges or refunds or otherwise arising from the calculation, collection and remittance of local government premium taxes, or claims for bad faith, mental anguish or other claims, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source. This Release and Waiver is limited to any and all claims or allegations which have been, could have been, may be, or could be alleged or asserted in the past, present, or in the future by Plaintiff or any Class Member against the Releasees or any of them in the Action or in any other court action or before any administrative body (including any state insurance department or other regulatory entity or organization), tribunal, arbitration panel, or other adjudicatory body, on the basis of, connected with, arising out of, or related to, in whole or in part, the Released Transactions and any performance, servicing and/or administration relating to the Released Transactions, which include without limitation:

    a.    any or all of the acts, omissions, facts, matters, transactions, or occurrences which have been, could have been, or were directly or

    indirectly alleged, asserted, described, set forth or referred to in the Action;

b. any or all of the acts, omissions, facts, matters, transactions, occurrences, sales presentations, disclosures, advertisements, applications, enrollment documents, or any oral or written statements, disclosures or representations allegedly made in connection with or directly or indirectly relating to the Released Transactions, including without limitation any acts, omissions, facts, matters, transactions, occurrences, illustrations, disclosures, advertisements, applications, enrollment documents, or oral or written statements or representations relating to;

 (1) charges for local governmental premium taxes, however characterized, relating to a Policy or Policies or the right to a refund of any portion of the premium taxes, collection fees or any similar charges;

 (2) any act, transaction, practice or conduct arising or occurring prior to the date hereof, which is actionable, or claimed to be actionable, under any statutory or common law of the United States or any state thereof;

 (3) any act or omission which existed or occurred, or presently exists, or may in the future exist or occur, as a result of any act, transaction, practice or conduct which occurred prior to the date hereof; and/or

    (4) any other act, transaction, practice or conduct whatsoever that occurred prior to the date hereof, whether or not Plaintiff or Members of the Class presently have knowledge of the acts, transactions, practices, conduct or other matters covered herein;

 c. any and all claims for attorneys' fees, costs, or disbursements incurred by Lead Counsel or any other counsel representing Plaintiff or the Class Members, or by Plaintiff or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the Released Transactions, except to the extent otherwise specified in this Stipulation of Settlement; and

 d. any or all acts, omissions, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, the Stipulation of Settlement or the settlement of the Action.

 (ii) In connection with this Release and Waiver, Plaintiff and the Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of Plaintiff and the Class Members in executing this Release and Waiver to fully, finally, and forever to settle and release all such matters, and all claims relating thereto, that exist, hereafter

may exist, or might have existed (whether or not previously or currently asserted in any action, including the Action). The Plaintiff and the Class Members expressly acknowledge certain principles of law which provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. To the extent that any such law may be applicable, Plaintiff and the Class Members hereby agree that these provisions and all similar federal and state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished by Plaintiff and the Class Members, and Plaintiff and the Class Members agree and acknowledge that this provision is an essential term of the Settlement Agreement and this Release and Waiver.

(iii) Nothing in this Release and Waiver shall preclude any action to enforce the terms of the Stipulation of Settlement.

(iv) All of the provisions of this Release and Waiver together constitute an essential term of the Stipulation of Settlement and this Final Order and Judgment.

8. Paragraph 7 of this Final Order and Judgment covers, without limitation, any and all claims for Attorneys' Fees, costs, or disbursements incurred by Lead Counsel or any other counsel representing Plaintiff or Class Members, or incurred by Plaintiff or the Class Members, or any of them, in connection with or related in any manner to this Action, the settlement of this action, the administration of such Settlement and/or the Released Transactions, except to the extent specified in this Final Order and Judgment and the Stipulation of Settlement.

9. All Class Members who did not timely exclude themselves from the Class are, from this day forward, hereby permanently barred and enjoined from filing, commencing,

prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Transactions (as those terms are defined in the Stipulation of Settlement); and all Class Members who did not timely exclude themselves from the Class are barred from organizing Class Members, or soliciting the participation of Class Members, in a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Transactions (as that term is defined in the Stipulation of Settlement and above).

10. The Settlement Administrator is ordered to administer the Settlement Fund created pursuant to the Stipulation of Settlement and pay Class Members who have not excluded themselves from this Settlement the settlement relief as set forth in the Stipulation of Settlement.

11. Lead Counsel are hereby awarded attorneys' fees and expenses in the amount of $254,835.24, to be paid by the Settlement Administrator from the Settlement Fund to Lead Counsel pursuant to wiring instructions provided by Settlement Class Counsel to the Settlement Administrator, within fifteen (15) days of the Final Settlement Date (as defined in the Stipulation of Settlement).

12. The Court finds and determines that an incentive award of $3,000.00 is due and payable to William R. Rahschulte for his services and efforts in the representation of the Class, which shall be paid to them by the Settlement Administrator from the Settlement Fund within thirty (30) days after the Final Settlement Date (as defined in the Stipulation of Settlement), by

check made payable to William R. Rahschulte and mailed to Edmondson & Associates, 28 West 5th Street, Covington, KY 41011.

13. The Court has personal jurisdiction over the parties and the Class Members, and it has subject matter jurisdiction to approve the Stipulation of Settlement, including all exhibits thereto, and enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation of Settlement and of this Final Order and Judgment, and for any other necessary purpose.

14. Neither this Final Order and Judgment nor the Stipulation of Settlement (nor any document referred to herein or any action taken to carry out this Final Order and Judgment) is, may be construed as, or may be used as an admission or concession by or against Defendant of the validity of any claim or any actual or potential fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Stipulation of Settlement (including the exhibits thereto), and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Stipulation of Settlement; provided however, this Final Order and Judgment and the Stipulation of Settlement (including the exhibits thereto) may be filed in any action against or by Defendant or Releasees (as that term is defined in the Stipulation of Settlement) to support a defense of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. This action, including all individual claims and Class claims presented herein, is hereby dismissed on the merits and with prejudice against the Plaintiff and all other Class Members, without fees or costs to any party except as otherwise provided herein.

LET JUDGMENT BE ENTERED ACCORDINGLY:

_____
David L. Bunning
UNITED STATES DISTRICT JUDGE

Dated: February 10th, 2011